**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| CEDRIC BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17-cv-0146-WTL-MJD |
| | ) | |
| WARDEN, Federal Correctional Complex, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas**
**Corpus and Directing Entry of Final Judgment**

**I.**

Cedric Brown seeks a writ of habeas corpus based on his contention that the Federal Bureau of Prisons ("BOP") has improperly computed his federal sentence imposed by the United States District Court for the Middle District of Alabama in No. 3:08-CR-00053-MEF ("the federal sentence"). Brown has not replied to the government's explanation, which the Court finds to be entirely in accord with both the facts and the controlling law.

Having thus considered the pleadings and the expanded record, and being duly advised, the Court finds that Brown's petition for a writ of habeas corpus must be denied.

**Discussion**

According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention

facility at which the sentence is to be served." Credit for prior custody is specifically addressed by

18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and

(2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In

other words, a federal prisoner can receive credit for certain time spent in official detention before

his sentence begins, as long as that time has not been credited against any other sentence. However,

"Congress made clear that a defendant could not receive a double credit for his detention

time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). The Seventh Circuit has likewise made

clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been

applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United

States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

The pivotal facts in this case are undisputed and are these:  The federal sentence was for

an executed term of 164-months and was imposed on October 28, 2008. The federal sentence was

ordered to run concurrently with a 24-month term of supervised release previously imposed in a

different case. The 24-month sentence, however, was completed on August 5, 2008—meaning that

it was completed before the imposition of the federal sentence.

Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and 18 U.S.C. §3585(a), the BOP prepared a sentence computation for Brown, commencing on the date the sentence was imposed. The federal sentence could not be served concurrent with the already fully-served 24-month sentence. Thus, the time from August 8, 2008 through the date of the imposition of the federal sentence, October 27, 2008, became prior custody credit toward the federal sentence pursuant to 18 U.S.C. §3585(b).

### Conclusion

As explained above, Brown has failed to show that the BOP has miscalculated the federal sentence or has improperly denied him credit toward that sentence. Accordingly, Brown has likewise failed to show that he is entitled to habeas corpus relief and his petition for a writ of habeas corpus must be denied.

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/17/2017

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CEDRICK BROWN
10750-002
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov